UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN D. LIFFITON,<br>         Plaintiff,<br>  v.<br><br>DETECTIVE SHERRY KISZEWSKI,<br>DETECTIVE RONALD BARRETT,<br>JOHN DOE, JANE DOE, Supervisory Personnel<br>of the Buffalo Police Department not yet identified,<br>COUNTY OF ERIE,<br>JOHN DOE ERIE COUNTY DEPUTY SHERIFFS,<br>yet to be identified,<br><br>         Defendants. | REPORT<br>and<br>RECOMMENDATION<br><br>09-CV-994A(F) |

APPEARANCES:  John D. Liffiton, *Pro Se*
         47 Sandlewood Drive
         Getzville, New York 14068

         CHERYL A. GREEN
         ERIE COUNTY ATTORNEY
         Attorney for County of Erie, John Doe Erie County
           Deputy Sheriffs
         BRIAN R. LIEBENOW,
           Assistant County Attorney, of Counsel
         95 Franklin Street, 16th Floor
         Buffalo, New York 14202

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by order of Hon. Richard J. Arcara filed January 6, 2010. The matter is presently before the court on Defendants County of Erie and John Does Sheriffs' Deputies ("County Defendants") motion to dismiss filed February 1, 2010 (Doc. No. 12) ("Defendants' motion").

## BACKGROUND and FACTS[1]

By complaint filed November 17, 2009, pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants Kiszewski and Barrett, then acting as City of Buffalo police officers ("City Defendants") subjected Plaintiff to a false arrest and excessive force on November 22, 2006 when City Defendants arrested and handcuffed Plaintiff at Plaintiff's home, in violation of Plaintiff's Fourth and Eighth Amendment rights. Complaint ¶ ¶ 42-45. Following "booking," Plaintiff was later transferred to the custody of the Erie County Sheriff's Department at 11:30 a.m. and placed in a small cell, approximately 8' x 10', along with 15 other individuals. Complaint ¶ 34. According to Plaintiff, over the following six hours, the number of persons placed in this room with poor ventilation increased to about 20. Complaint ¶ ¶ 34, 59 ("Plaintiff's Fourth Cause of Action"). Plaintiff alleges his jailers refused to provide Plaintiff with a lunch meal, Complaint ¶ 34 ("Plaintiff's Third Cause of Action"), and that at approximately 5:00 p.m., Plaintiff was transferred to a "larger cell" occupied by "approximately 23 persons," where he was provided with a mattress without a pillow or blanket. Complaint ¶ 34. Because "lights were kept on all night," Plaintiff alleges he was "unable to sleep." *Id.* ("Plaintiff's Fifth Cause of Action"). Although not specified by Plaintiff, the court presumes that Plaintiff was held in the Erie County Holding Center, a local jail operated by the Sheriff of Erie County ("Holding Center").

At his court appearance the next morning, Plaintiff was informed of the charges against him, specifically unlawful entry and sexual assault. Complaint ¶ ¶ 35, 37.

---

[1] Taken from the pleadings and papers filed in this action.

Plaintiff was released on his own recognizance. Complaint ¶ 36. Plaintiff asserts the charges were fabricated by the complainant in retaliation for Plaintiff's attempt to evict the complainant from an apartment apparently owned by Plaintiff. *Id.* The charges against Plaintiff were subsequently dismissed for failure to prosecute on February 22, 2007. Complaint ¶ 41. Based on these allegations, Plaintiff asserts violations against the County Defendants under the Eighth Amendment. Complaint ¶ ¶ 46-49.

County Defendants filed the instant motion on February 1, 2010, in lieu of an answer, along with the Declaration of Brian R. Liebenow ("Liebenow Declaration") and Memorandum of Law in Support of County Defendants' Motion to Dismiss (Doc. No. 13) ("Defendants' Memorandum"). By Affidavit in Opposition to Motion to Dismiss, filed March 12, 2010, Plaintiff opposes Defendants' motion (Doc. No. 16) ("Plaintiff's Affidavit"). On March 19, 2010, County Defendants filed a Declaration in Further Support of Motion to Dismiss (Doc. No. 17) ("Defendants' Reply"). Oral argument was deemed unnecessary. Based on the following, Defendants' motion should be GRANTED.

## DISCUSSION

First, Plaintiff contends County Defendants have defaulted based on an alleged delay in filing a response to the Complaint. Plaintiff's Affidavit ¶ ¶ 4-5. While Plaintiff asserts the County Defendants were served with copies of the Summons and Complaint on December 18, 2009, Plaintiff's Affidavit ¶ 4, according to the County Defendants, a waiver of service was received and executed by County Defendants on January 12, 2010 (Doc. No. 10). Thus, pursuant to Fed.R.Civ.P. 12(a)(4)(A) (allowing

3

defendant to file an answer 14 days after denial of a motion filed pursuant to Fed.R.Civ.P. 12(b) ("Rule 12(b)"), and requiring such motion to be filed before service of an answer), upon executing the Waiver of Service, County Defendants were deemed to have been served. *See Glendora v. Pinkerton Securities and Detective Services*, 25 F.Supp.2d 447, 454 (S.D.N.Y. 1998) (where personal service is achieved by compliance with Fed.R.Civ.P. 4(e)(i), defendant's time to answer does not begin to run under N.Y. C.P.L.R. § 312-a(b) until after defendant signs and mails the acknowledge of receipt form to sender acting on behalf of *pro se in forma pauperis* plaintiff). Having been served, County Defendants were required to (a) serve an answer, or (b) file a motion pursuant to Rule 12(b). Here, in lieu of an answer, County Defendants elected to move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), and the motion, filed February 1, 2010, 19 days after County Defendants' acknowledgment of receipt of the Waiver of Summons pursuant to N.Y. C.P.L.R. §312-a(b), was therefore timely filed. Plaintiff has not sought a notice of default in accordance with Fed.R.Civ.P. 55(a) (party failing to appear, plead or otherwise defend subject to default judgment). Thus, Plaintiff's assertion that County Defendants "defaulted by failing to respond [to service by U.S. Marshal Service of the Summons and Complaint on December 18, 2009] in a timely manner,"[2] Plaintiff's Affidavit ¶ ¶ 4-5, is without merit.

The court turns to Defendants' motion. As noted, Background and Facts, *supra*, at 2, Plaintiff's Third Cause of Action asserts that a jailer, presumably one of Plaintiff's

---

[2] Bracketed material added.

John Doe Defendant Deputy Sheriffs, refused Plaintiff lunch, Complaint ¶ 34, and thereby violated Plaintiff's Eighth Amendment rights. Plaintiff's Fourth Cause of Action claims that County Defendants violated Plaintiff's Eighth Amendment rights by confining Plaintiff in a small room, eight feet by ten feet, with "poor ventilation," Complaint ¶ 49, while Plaintiff was awaiting a court appearance which took place the morning following Plaintiff's arrest and booking by City Defendants. Plaintiff's Fifth Cause of Action is predicated on Plaintiff's allegation that by refusing to provide a blanket and pillow and keeping lights on in the room in which Plaintiff was being held overnight, Plaintiff was "unable to sleep," Complaint ¶ 34, thereby depriving Plaintiff of his Eighth Amendment rights. Complaint ¶ 51.

On a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). Two recent Supreme Court cases require application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S.Ct.

5

at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the review court to draw on its judicial experience and common sense.'" *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). Despite *Twombly*, courts remain obligated to liberally construe a *pro se* complaint. *Harris*, 572 F.3d at 72 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

A fair reading of the Complaint indicates that Plaintiff was arrested, charged and placed in the Holding Center in a room on the morning of November 22, 2006, to await his initial court appearance the next morning on the state criminal charges. As such, Plaintiff was not held as a convicted person, but was held by County Defendants as a pretrial detainee. Challenges to conditions of confinement by a state confined pretrial detainee are assessed under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment, to determine whether such challenged conditions while awaiting trial "amount to punishment." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979) ("[u]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); *Caiozzo v. Koreman*, 581 F.3d 63, 69-71 (2d Cir. 2009) (holding that claims for inadequate medical treatment by pretrial detainees are properly brought under the Due Process Clause and that a plaintiff must establish

defendant disregarded risk of harm of which defendant was aware) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference [of excessive risk to inmate health and safety] could be drawn that a substantial risk of serious harm exists, and he must also draw the inference")); *Benjamin v. Frazer*, 343 F.3d 35, 49-50 (2d Cir. 2003) (pretrial detainees may not under the Due Process Clause "be punished in any manner – neither cruelly or otherwise") *overruled on other grds.*, *Caiozzo v. Koreman*, 581 F.3d at 70 (deliberate indifference standard applicable to pretrial detainees claim of harm cognizable under Fourteenth Amendment Due Process Clause). However, a "pre-trial detainee held in state custody has no right to be 'free from discomfort.'" *Zolnowski v. County of Erie*, 944 F.Supp. 1096, 1111 (W.D.N.Y. 1996) (quoting *Bell,* 441 U.S. at 535). *See also Benjamin*, 343 F.3d at 50 ("not every uncomfortable or disabling condition and restriction can be considered punitive"). Further, a pretrial detainee alleging prison officials failed to provide adequate food, clothing, shelter, medical care, and reasonable safety must show such deprivations resulted from the deliberate indifference of the officials. *See Caiozzo*, 588 F.3d at 71 n. 4 (citing cases).

As to Plaintiff's Third Cause of Action, while a deliberate deprivation of food to a pretrial detainee may constitute a due process violation, *see West v. City of New York*, 1996 WL 240161, at *2 and n. 2 (S.D.N.Y. May 8, 1996) (a denial of one meal, lunch (Plaintiff has not alleged he was deprived of any other meals during his approximately 24-hour detention), standing alone, is insufficient to constitute a denial of due process). *See Rush v. Astacio*, 159 F.3d 1348 (2d Cir. 1998) (unpublished op.). Thus, the court finds that County Defendants' motion directed to Plaintiff's Third Cause of Action should

7

be GRANTED.

Courts have found due process violations where ten to twenty detainees were kept in holding areas of approximately 26 square feet per prisoner for extended periods because such conditions are not reasonably related to a legitimate governmental objective and, as such, constitute a due process violation. *See Benjamin*, 343 F.3d at 53 (finding that spaces between detainees of at least three feet for sleeping on beds does not violate due process); *Lareau v. Manson*, 651 F.2d 96, 106-07 (2d Cir. 1981) (finding holding detainees for any period of time in spaces, "fish tanks," providing less than 23 square feet per prisoner, violates due process); *Zolnowski*, 944 F.Supp. at 1113 (finding holding pretrial detainees in spaces affording about 26 square feet per prisoner violates due process). Here, Plaintiff alleges confinement over approximately a 24-hour period along with 10-20 others in a space providing 80 square feet, or about 8 to 16 square feet per prisoner during a six-hour period with inadequate ventilation. Complaint ¶ 49 (plaintiff confined in room measuring about 8 x 10 feet for six hours with "20 other inmates."). Allowing approximately 24" per prisoner for sleeping on a mattress on the room's floor results in there being insufficient space to allow at least three feet between prisoners, the minimum recognized as the point at which closer proximity may constitute punishment without due process. *See Benjamin*, 343 F.3d at 53. Moreover, Plaintiff has also alleged that no beds were provided to him or the other prisoners in the room and that only sleeping mattresses, without pillows or blankets, were provided. Complaint ¶ 34. As this court noted in *Zolnowski*, "the Second Circuit has directly held that forcing pretrial detainees to sleep on the floor on mattresses in a jail cell violates the due process clause without regard to the length of such a condition

of confinement." *Zolnowski*, 944 F.Supp. at 1113 (citing *Lareau*, 651 F.2d at 99-100). Thus, although subjecting Plaintiff to detention in an overcrowded cell could provide the basis for a claim of a due process violation, unless such deprivation is inflicted over a substantial period of time, the resultant harm is insufficient to sustain a due process claim. *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (confinement in overcrowded cell causing "genuine privations and hardship over an extended period of time might raise serious questions under the Due Process clause as to whether those conditions amounted to punishment . . . .")" *Lareau v. Manson*, 651 F.2d 96, 103 (2d Cir. 1981) (for due process violation based on detainee being held in overcrowded cell requires showing that "overcrowding subjects [pretrial] detainee over an extended period to genuine privations and hardship not reasonably legitimate governmental objective.").

Turning to Plaintiff's Fourth and Fifth Causes of Action, based on Plaintiff's allegations of being confined to an overcrowded cell with inadequate sleeping conditions, although such allegations may constitute a due process violation, *see Lareau, supra; Zolnowski, supra*, as here Plaintiff was subjected to such conditions for less than 24 hours and forced to sleep without proper bedding and space for one overnight, because of this limited exposure to the alleged conditions, Plaintiff's Fourth and Fifth Causes of Action fail. Specifically, courts have held that such limited exposures do not constitute due process violations. *See, e.g., Bell,* 441 U.S. 520, 542 (finding confinement of two in cell providing space of 75 square feet between 11 p.m. and 6:30 a.m. does not establish due process claim but exposure to such overcrowding over "extended period of time" may create violation of due process). *See also Whitnack v. Douglas County*, 16 F.3d 954, 957-58 (8th Cir. 1994) (exposure to filthy cell

9

conditions for 24 hours by detainee does not constitute violation of due process); *Giglieri v. New York City Dep't of Corrections*, 1997 WL 419250 at *3 (S.D.N.Y. July 25, 1997) (detainee suffered limited exposure to tobacco smoke in holding cell - no due process violations). Here, because Plaintiff's alleged exposure to the overcrowded cell was of a limited duration, *i.e.*, less than 24 hours, Plaintiff's Fourth and Fifth Causes of Action also fail to state a claim, and thus County Defendants' motion as to these claims should also be GRANTED on this basis.

Even if Plaintiff could allege a more extended period of exposure to the alleged overcrowded housing conditions while at the Holding Center, as Plaintiff has failed to allege facts which could reasonably support an inference that County Defendants were deliberately indifferent to the risk of harm to Plaintiff arising from the overcrowding, lack of proper bedding, food or ventilation, Plaintiff's claims would also fail as a matter of law. *See Caiozzo*, 581 F.3d at 70-71 (pretrial detainee due process claims must satisfy subjective deliberate indifference requirement). As all of Plaintiff's claims should be DISMISSED as explained, *supra*, it is unnecessary to further address County Defendants' contention that Plaintiff has failed to establish the alleged deprivations resulted from the existence of an official policy or practice sufficient to impose liability to the County of Erie consistent with the requirement of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) (under 42 U.S.C. § 1983 municipal liability requires showing that constitutional violation occurred as a result of municipal policy or

custom, not *respondeat superior*).  *See* County Defendants' Memorandum at 5-7.[3]

**CONCLUSION**

Based on the foregoing, County Defendants' motion should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:     July 1, 2010
           Buffalo, New York

---

[3] The court notes that according to the record, Plaintiff has failed to identify the John Doe deputies and serve them within the 120-day period required by Fed.R.Civ.P. 4(m). Moreover, as the alleged events occurred in 2006, Plaintiff is now time-barred as to these persons under the applicable three-year statute of limitations.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     July 1, 2010
               Buffalo, New York