UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACK LIFFITON,

                       Plaintiff,

      v.

SHERRY KISZEWSKI, et al.,

                       Defendants.

DECISION
and
ORDER

09-CV-00994F
(consent)

---

At the Final Pretrial Conference held on September 24, 2013, the parties to this civil rights action alleging false arrest, and unnecessary force in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure, discussed whether Defendants, detectives with the City of Buffalo Police Department were required, prior to arresting Plaintiff, to conduct an investigation into the credibility of the complainant. Treating the discussion as a joint motion *in limine* as to what questions at trial will be deemed relevant on the issue of liability, the court finds such questioning will not be permitted because such investigation is not a *sine qua non* to support probable cause for a valid arrest. *Compare Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) ("'probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful. It therefore is of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation.'" (quoting *Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir. 1989))), *with BeVier v. Hucal*, 806 F.3d 123, 128 (7th Cir. 1986) (although "an officer who has established cause on every element of the crime need not continue investigating to check out leads or test the suspect's claim of innocence," because there was no evidence as to "an essential

1

element of child neglect, and no way to tell whether the children's situation was attributable to [the parents'] decision," the investigating officer was required to further investigate before arresting parents).[1]

Rather, "[p]robable cause for an arrest 'requires an officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Fabrikant*, 691 F.3d at 214 (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)). Generally, statements by the putative victim of a crime are, absent some indicia to the contrary, deemed trustworthy. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). Accordingly, absent some evidence that the complainant was not trustworthy, Defendants were not required to investigate.

As such, questions will be permitted regarding whether the totality of the circumstances gave rise to the requisite probable cause to support Plaintiff's arrest on the charged offenses. *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990) (probable cause for arrest exists "if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonable trustworthy

---

[1] Plaintiff's reliance on *Spiegel v. Cortese*, 966 F.Supp. 684 (N.D.Ill. 1997), for the proposition that any question as to the victim's reliability required Defendants to conduct a thorough investigation before making an arrest, Plaintiff's Memorandum of Law (Doc. No. 57), at 4, is misplaced given that the Seventh Circuit Court of Appeals later reversed the lower court's earlier denial of the defendants' motion to dismiss based on qualified immunity because "the credibility of a putative victim or witness is a question, not for police officers in the discharge of their considerable duties, but for the jury in a criminal trial," such that the Seventh Circuit "refuse[s] to require law enforcement officers to delay arresting a suspect until after they have conclusively resolved each and every inconsistency or contradiction of a victim's account." *Spiegel v. Cortese*, 196 F.3d 717, 724-25 (7th Cir. 2000), *cert. denied*, 530 U.S. 1243 (2000).

information to justify a person of reasonable caution in believing that an offence has been or is being committed by the person to be arrested."). Specifically, the parties may pose questions as to whether the totality of the circumstances, including "those facts available to the officer at the time of the arrest and immediately before it," established probable cause for each element of the crimes charged. See *Fabrikant*, 691 F.3d at 214. Absent some evidence that would have caused a reasonable police officer under the circumstances to call into question the trustworthiness of the complainant, no questions regarding Defendants' duty to further investigate prior to arresting Plaintiff will be permitted.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October ___, 2013
Buffalo, New York